FRANK J. REPPUCCI, JR., RELATOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON AND FRANK J. FARLEY, TREASURER OF THE COUNTY OF HUDSON, RESPONDENTS.

Submitted October 6, 1942—Decided April 1, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the relator, *Leo Rosenblum.*

For the respondents, *J. Emil Walscheid.*

The opinion of the court was delivered by

PARKER, J.  The question before us is whether the relator, who was appointed a "court attendant" of the Fourth Criminal Judicial District Court of Hudson County by Ashley B. Carrick, then judge of that court, is entitled to his salary for the first half of June, 1942.  The return alleges, and the demurrer admits, that Judge Carrick enlisted as a private in the Army of the United States on or about January 22d, 1942, and has since been continuously absent from the state and has not functioned as such judge.  The return further charges that by enlisting, Judge Carrick ceased to have any further tenure as judge, and that by reason thereof relator ceased to have further tenure as court attendant.  It is further admitted that after the allowance of the writ which was on June 20th, 1942, Judge Carrick resigned as judge of the said court.  Based on these facts, and on an italicised paragraph in the brief for relator, the court is asked to dispose of the case as though the office of judge had been vacant since the enlistment.  In other words, *assuming* that Judge Carrick had resigned on January 22d, 1942, the date of his enlistment, instead of the latter part of June, the claim is that the tenure of relator as court attendant continued indefinitely, and particularly for the first half of June, 1942.

We deem it inadvisable to consider, and base a decision on, a factual situation that did not exist.  Such a decision would be merely a moot one, not favored by the courts.  1 *C. J.* 973; 1 *C. J. S.* 1012.  Of course it is obvious that the resignation on June 22d terminated the judge's tenure, if any: but the question here is whether that tenure had already terminated by his enlistment into the army in time of war.  The answer, in the negative, is to be found in a decision of the Court of Errors and Appeals in the recent case of *Kobylarz* v. *Mercer*, 130 *N. J. L.* 44, wherein it is held that the mayor of Garfield had not vacated his tenure of office by accepting, in time of war, a commission in the national army.

We hold, therefore, that Judge Carrick's tenure of office continued until his resignation.  As to the tenure of relator as court attendant, the act provides that "each judge of a

criminal judicial district court shall appoint such sergeants at arms and court attendants as, in his judgment, may be necessary for the proper maintenance of the court, who shall, during their continuance in office be vested with and possess all the rights, privileges, powers and duties of a constable of the county." *R. S.* 2:212-15. It seems clear that a court attendant retains his tenure at least during the pleasure of the judge while the latter remains in office, subject perhaps to removal by him, as to which we express no opinion: and it follows that in this case relator continued in office as court officer for the first half of June, 1942, and is entitled to salary accordingly.

A peremptory writ is allowed, and judgment will be entered in favor of relator, to that end.